**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-01930-RMR-NRN

GS HOLISTIC, LLC,

Plaintiff,

v.

ALPHASTAR VAPES LTD d/b/a ALPHASTAR VAPES LTD, and JIMMY O. VARGAS,

Defendants.

---

**DEFENDANT JIMMY VARGAS' MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

---

Defendant Jimmy O. Vargas ("Mr. Vargas" or "Defendant Vargas"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby respectfully moves this Court to dismiss all claims against him individually in Plaintiff GS Holistic, LLC's ("Plaintiff" or "GS Holistic") Amended Complaint for Injunctive Relief and Damages [ECF No. 30] for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant Vargas states as follows:

**STATEMENT OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel conferred with Plaintiff's counsel regarding this motion via email on February 25, 2026. undersigned counsel has also had two video conferences with Plaintiff's counsel counsel and, as of the date of filing, Plaintiff's counsel has not agreed to dismiss the individual claims against Mr. Vargas.

## INTRODUCTION

1. Plaintiff GS Holistic filed its original complaint on June 19, 2023 and its operative Amended Complaint on December 13, 2023 [ECF No. 30], naming both Alphastar Vapes Ltd and its owner Jimmy O. Vargas as defendants. This Motion addresses only the claims asserted against Mr. Vargas in his individual capacity.

2. The entirety of the Amended Complaint's basis for individual liability against Mr. Vargas rests on a single conclusory sentence: that he "authorized, directed, and/or participated" in the alleged infringing conduct. (Am. Compl. ¶ 33.) No further factual allegations appear anywhere in the Amended Complaint that explain what Mr. Vargas personally did, said, ordered, knew, or directed with respect to the allegedly counterfeit product sold on March 22, 2023. This bare recitation of the legal standard for individual liability — without a single supporting fact — is precisely the type of pleading the Supreme Court condemned in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

3. Plaintiff's claims against Mr. Vargas individually should be dismissed with prejudice because: (1) the Amended Complaint fails to allege any specific facts establishing Mr. Vargas's personal participation in or direction of the alleged infringing conduct; (2) corporate officer or owner status alone is legally insufficient to impose individual Lanham Act liability under controlling Tenth Circuit authority; (3) the Amended Complaint's own factual allegations affirmatively undercut any inference of knowing or willful conduct by Mr. Vargas; and (4) amendment would be futile given that Plaintiff has already had the opportunity to amend and has still failed to plead any particularized facts supporting individual liability.

## COUNTS ALLEGED AGAINST MR. VARGAS INDIVIDUALLY

Plaintiff has asserted the following claims for relief against both Alphastar Vapes Ltd and Mr. Vargas individually:

Count One: Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114

Count Two: Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a)

## ARGUMENT

### I. LEGAL STANDARD

4. The Supreme Court clarified the standard for granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

5. Two principles underlie this standard. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" will not suffice; a plaintiff must offer specific factual allegations to support each claim. *Twombly*, 550 U.S. at 555. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## II. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR INDIVIDUAL LIABILITY AGAINST MR. VARGAS

### A. Individual Liability Under the Lanham Act Requires Proof of Personal Participation — Corporate Officer Status Alone Is Insufficient.

6. Individual liability under the Lanham Act is not established merely by virtue of a defendant's status as a corporate officer, owner, or sole member of an LLC. Rather, individual liability requires proof that the individual personally participated in or personally directed the infringing conduct, with actual knowledge that the conduct was infringing. Courts in the Tenth Circuit have consistently so held.

7. In the Tenth Circuit, an officer or agent may be held personally liable for a corporate tort only if the officer personally directed or actively participated in the tortious conduct (or in conduct from which a tort would reasonably be expected to follow). *Q.E.R., Inc. v. Hickerson*, 880 F.2d 1178, 1182 (10th Cir. 1989). The Tenth Circuit has also articulated that personal liability requires specific direction or sanction of, or active participation or cooperation in, the wrongful act or omission that caused the plaintiff's injury — not merely the person's corporate title or general authority within the company. *Zimmerman v. First Fed. Sav. & Loan Ass'n of Rapid City, S.D.*, 848 F.2d 1047, 1052–53 (10th Cir. 1988). Accordingly, to plead or prove individual liability, it is insufficient to rely on conclusory allegations of "control" based on officer status alone; the proponent must allege or show concrete facts tying the individual to the challenged acts through direct participation, approval, ratification, or other affirmative involvement.

8. This Court may apply these same principles in the GS Holistic litigation. In consolidated cases pending before this Court involving analogous complaints naming individual defendants based solely on the identical "authorized, directed, and/or participated" language, this bare recitation of

the legal standard has faced the same pleading challenge presented here. A formulaic legal conclusion, without supporting facts, cannot sustain individual liability at the pleading stage.

**B. The Amended Complaint's Sole Allegation Against Mr. Vargas Is a Bare Legal Conclusion That Cannot Survive Twombly/Iqbal.**

9. The entire factual basis for individual liability against Mr. Vargas is contained in a single sentence of Paragraph 33 of the Amended Complaint, which alleges only that Mr. Vargas "authorized, directed, and/or participated" in the alleged infringing conduct. That is the whole of it. The Amended Complaint does not allege:

(a) what specific act Mr. Vargas personally performed in connection with the March 22, 2023 test purchase;

(b) that Mr. Vargas had any personal knowledge that the specific product was counterfeit;

(c) that Mr. Vargas personally selected, ordered, or approved the purchase of the allegedly counterfeit inventory;

(d) that Mr. Vargas was present at the Alphastar Vapes retail location on the date of the test purchase;

(e) that Mr. Vargas had any communication with the wholesale distributor from whom the product was sourced; or

(f) any other fact that would distinguish Mr. Vargas's alleged personal conduct from the ordinary activities of any business owner.

10. The phrase "authorized, directed, and/or participated" is precisely the type of "formulaic recitation" of legal elements that *Twombly* and *Iqbal* prohibit. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions."). The disjunctive phrasing — "and/or" — underscores the absence of any actual factual allegation; Plaintiff does not even allege what specific act Mr. Vargas performed, only that he must have done something because he owns the company.

11. As the Supreme Court made plain in *Iqbal*: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" 556 U.S. at 679. Here, the only inference available from "authorized, directed, and/or participated" is the mere possibility that someone who owns a business might be liable. That is insufficient.

**C. The Amended Complaint's Own Factual Allegations Affirmatively Undercut Any Inference of Personal Knowledge or Willful Conduct.**

12. The Amended Complaint's own facts make it implausible that Mr. Vargas had personal knowledge of counterfeiting. Critically, the product at issue was sold on March 22, 2023 for $613.24 — a price that actually *exceeded* Plaintiff's stated authentic retail price of $599.95. (Am. Compl. ¶¶ 20, 32.) A seller charging above the authentic retail price is the antithesis of someone attempting to profit from the sale of known counterfeits at discounted prices. This pricing fact affirmatively negates any inference of willful or knowing infringement by Mr. Vargas or anyone at Alphastar Vapes.

13. Furthermore, the Amended Complaint itself concedes that the allegedly counterfeit product was purchased "from other wholesalers and not GS." (Am. Compl. ¶ 52.) This admission confirms that Alphastar Vapes obtained the product through a third-party supply chain — precisely the scenario where an owner lacks any special reason to suspect counterfeiting absent specific notice. The Amended Complaint nowhere alleges that Mr. Vargas received any prior

notice, any cease-and-desist letter, or any communication that should have put him on notice of a problem with his supply chain before the investigator's visit.

14. Notwithstanding these facts, the Amended Complaint further alleges at Paragraph 33 that Mr. Vargas's acts were "a moving, active, and conscious force behind" the infringement. This characterization is not a factual allegation — it is a legal conclusion stated with rhetorical flourish. *Iqbal* is explicit that such conclusory characterizations of a defendant's mental state and role are entitled to no weight on a motion to dismiss, no matter how emphatically phrased. 556 U.S. at 678. No specific fact in the Amended Complaint supports the conclusion that Mr. Vargas was personally and consciously involved in any transaction, much less in the acquisition of any particular counterfeit product.

**D. Plaintiff's Mass-Filing Litigation Strategy Does Not Supply the Required Factual Pleading.**

15. Plaintiff GS Holistic has filed approximately 950 nearly identical lawsuits nationwide, and approximately 50 in this District alone, using complaints that vary only in defendant names and purchase details. The formulaic use of the phrase "authorized, directed, and/or participated" across all of these complaints — applied identically to every individual defendant regardless of the actual facts — demonstrates precisely why this language is a legal conclusion and not a factual allegation. Cookie-cutter pleading does not satisfy *Twombly*/*Iqbal*, and this Court has recognized the problematic nature of Plaintiff's litigation approach in prior proceedings in this District.

**E. Dismissal With Prejudice Is Appropriate Because Amendment Would Be Futile.**

16. Dismissal of the individual claims against Mr. Vargas with prejudice is appropriate because amendment would be futile. Plaintiff filed its Amended Complaint on December 13, 2023 —

after having the benefit of the original complaint period and additional proceedings — yet still failed to plead any specific facts supporting individual liability against Mr. Vargas. *See Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (unpublished) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)) (amendment properly denied where it would be futile). Plaintiff has conducted a test purchase, retained counsel, and filed litigation — it has had every opportunity to identify specific facts supporting Mr. Vargas's personal participation if any such facts existed. None appear in the Amended Complaint because none exist.

17. An award of attorney's fees is warranted under 15 U.S.C. § 1117(a), which authorizes fees in "exceptional cases." This case qualifies as exceptional with respect to the individual claims against Mr. Vargas. Plaintiff has filed approximately 950 nearly identical complaints nationwide using boilerplate language that does not vary based on any individual defendant's actual conduct. Where a plaintiff pursues an individual defendant through mass-produced, formulaic litigation, makes no effort to identify facts specific to that individual, and then refuses to dismiss despite the obvious absence of any factual basis for individual liability, the resulting litigation is objectively unreasonable. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) (establishing the "exceptional case" standard under the Patent Act's analogous fee-shifting provision; multiple circuits have applied this standard to § 1117(a) of the Lanham Act). The pursuit of individual Lanham Act liability against Mr. Vargas, based solely on his status as an LLC owner and a single conclusory sentence identical to those lodged against hundreds of other defendants nationwide, meets that standard.

## III. CONCLUSION

18. The Amended Complaint fails to allege any specific facts establishing that Jimmy O. Vargas personally participated in, directed, or had actual knowledge of the alleged infringing conduct. The sole individualized allegation against him — that he "authorized, directed, and/or participated" in unspecified infringing activity — is a bare legal conclusion that cannot sustain a plausible claim for individual liability under the Lanham Act. The Amended Complaint's own allegations, including the above-retail sale price and the third-party wholesale source of the product, affirmatively undercut any inference of willful or knowing conduct by Mr. Vargas. Because Plaintiff has already had the opportunity to amend and has still failed to supply the required factual allegations, dismissal with prejudice is appropriate.

WHEREFORE, Defendant Jimmy O. Vargas respectfully requests that the Court grant this Motion and dismiss all claims against him individually with prejudice, award him his reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a) on the grounds that this is an exceptional case, and grant all further relief the Court deems just and proper.

Respectfully submitted this 25th day of February, 2026.

THE McCALLUM LAW FIRM, PC
Attorneys for Defendants Alphastar Vapes Ltd and Jimmy O. Vargas

s/ Jennifer M. McCallum
Jennifer M. McCallum, Ph.D., Esq.
The McCallum Law Firm, PC
685 Briggs Street
Erie, CO 80516
jmccallum@mccallumlaw.net
303-828-0655

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2026, a true and correct copy of the foregoing DEFENDANT JIMMY O. VARGAS'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) was filed with the Clerk of the Court using the CM/ECF system, which will send a notification to all parties of record.

s/ Jennifer M. McCallum
Jennifer M. McCallum, Ph.D., Esq.
685 Briggs Street
Erie, CO 80516
jmccallum@mccallumlaw.net
303-828-0655