IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

GS HOLISTIC, LLC,

Plaintiff, Case No. 1:23-cv-01930-RMR-NRN

vs.

Alphastar Vapes, Ltd et al,

Defendants.

**PLAINTIFF GS HOLISTIC LLC MOTION FOR RECONSIDERATION REGARDING CORPORATE DISCLOSURE STATEMENT**

______________________________________ /

The Plaintiff, GS HOLISTIC, LLC, by and through its undersigned counsel, respectfully moves the Court for reconsideration of the Court's Order directing amendment or correction of Plaintiff's Corporate Disclosure Statement, and states as follows:

1. On March 9, 2026, the Court entered an order directing Plaintiff to amend its Rule 7.1 Corporate Disclosure Statement to disclose the citizenship of every individual or entity whose citizenship is attributed to Plaintiff, citing subsection (a)(2) of Rule of Civil Procedure 7.1.

2. Plaintiff respectfully submits, however, that the plain text of Rule 7.1(a)(2) makes clear that this disclosure requirement only applies to "action[s] in which jurisdiction is based on diversity[.]" *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a) . . . .")

3. Plaintiff's previously filed Corporate Disclosure Statement therefore complies with the requirements of Federal Rule of Civil Procedure 7.1 because this matter is not a diversity action and the rule does not require additional disclosures under these circumstances.

4. Federal Rule of Civil Procedure 7.1(a)(1) provides that "a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement identifying any parent corporation and any publicly held corporation owning 10% or more of its stock." Fed. R. Civ. P. 7.1(a)(1).

5. Plaintiff's Corporate Disclosure Statement accurately reflects that no such parent corporation or publicly held corporation exists that owns ten percent (10%) or more of Plaintiff's stock. *See Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 754043, at *5 (S.D.N.Y. Mar. 10, 2025), reconsideration denied, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 1196039 (S.D.N.Y. Apr. 22, 2025) (holding that the plain language of the rule provides, only a "nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement" under Rule 7.1(a)(1).

6. As mentioned above, the expanded disclosure requirements of Rule 7.1(a)(2), requiring identification of the citizenship of individuals or entities whose citizenship is attributed to a particular party, apply only in cases based on diversity jurisdiction,. *See, e.g.*, *Kristich v. Casady*, No. CIV-23-544-R, 2025 U.S. Dist. LEXIS 225429, at *1 (W.D. Okla. Nov. 17, 2025) ("To the extent the [pro se plaintiff's] motion [to compel disclosures] is premised on Rule 7.1(a)(2)'s requirement that a party in a diversity action file a disclosure statement, **the motion is denied because this action invokes federal question jurisdiction.")** (Emphasis added). *Cf. Coleman v. Selene Fin., LP*, No. 23 CV 3096 (LDH) (CLP), 2023 U.S. Dist. LEXIS 216423, at *13 (E.D.N.Y. Dec. 5, 2023) (noting that "[i]n the absence of federal question jurisdiction" the defendant's failure to disclose under Rule 7.1(a)(2) means that subject matter jurisdiction was lacking); *Route 66 Plaza v. Benchmark Ins. Co.*, No. 25-462 KWR/SCY, 2025 U.S. Dist. LEXIS 143647, at *2-3 (D.N.M. July 28, 2025) (discussing Rule 7.1(a)(2)'s disclosure requirement where

subject matter jurisdiction was based on diversity); Smith v. Textron Aviation, Inc., No. 23-CV-2291-JAR-TJJ, 2023 U.S. Dist. LEXIS 196110, at *2 (D. Kan. Nov. 1, 2023) (noting "two statutory bases for federal subject-matter jurisdiction: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332" and ordering Rule 7.1(a)(2) disclosures because it was a diversity case).

7. This action is not based on diversity jurisdiction, but rather arises under federal question jurisdiction. Accordingly, the additional disclosures contemplated by Rule 7.1(a)(2) are inapplicable.

8. Because Plaintiff has already complied with the requirements of Rule 7.1(a)(1), its Corporate Disclosure Statement is complete and accurate.

9. For these reasons, Plaintiff respectfully requests that the Court reconsider its Order and confirm that no amendment to Plaintiff's Corporate Disclosure Statement is necessary.

**WHEREFORE,** Plaintiff respectfully requests that the Court reconsider its prior Order regarding Plaintiff's Corporate Disclosure Statement and determine that Plaintiff's previously filed disclosure complies with Federal Rule of Civil Procedure 7.1, together with such other relief the Court deems just and proper.

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for GS Holistic LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 12, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

/s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030