**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| GS HOLISTIC, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALPHASTAR VAPES LTD d/b/a<br>ALPHASTAR VAPES LTD, and<br>JIMMY O. VARGAS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:23-cv-01930-RMR-NRN |

## UNOPPOSED MOTION TO WITHDRAW AS COUNSEL

Counsel for Defendants Alphastar Vapes Ltd (the "Business Defendant") and Jimmy O. Vargas (the "Individual Defendant") respectfully moves this Court for leave to withdraw as counsel pursuant to D.C.COLO.LAttyR 5(b) and Colo. RPC 1.16. Good cause exists for withdrawal on two independent grounds: (1) Counsel's spouse's ongoing serious medical condition materially impairs Counsel's ability to provide competent and diligent representation, and (2) Counsel's uncompensated representation has become an unreasonable financial burden. Both Defendants support this Motion, and Plaintiff's counsel does not oppose it.

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certifies that on April 29, 2026, she conferred with counsel for Plaintiff regarding the relief requested in this Motion. Plaintiff's counsel stated that Plaintiff does not object.

## I. FACTUAL BACKGROUND

### A. The Underlying Action and Counsel's Representation

This action involves trademark infringement claims brought by GS Holistic, LLC against the Business Defendant and the Individual Defendant. Counsel has served as counsel of record

for both Defendants since the inception of this action. Counsel filed an Answer and Affirmative Defenses on behalf of the Business Defendant on February 25, 2026, and contemporaneously filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) on behalf of the Individual Defendant, which remains pending.

**B. Counsel's Personal Hardship**

On March 13, 2026, Counsel's spouse underwent unexpected emergency surgery and was hospitalized for five days in the intensive care unit. The medical situation has not resolved. Counsel's spouse underwent a further surgical procedure and additional hospitalization on April 30, 2026, and continues to require ongoing medical care. The sustained medical situation has substantially reduced Counsel's availability for client meetings, court appearances, and case preparation, and the demands on Counsel's time and attention will remain significant for the foreseeable future.

Counsel notes for the Court that a substantively identical Unopposed Motion to Withdraw was filed on April 29, 2026, in a related GS Holistic matter, *GS Holistic, LLC v. Rocky Mountain eCigs LLC and Keith Pettersen*, Case No. 1:23-cv-01539-RMR-NRN (D. Colo.), and was granted by the Court. The corresponding motion in this action was not filed at the same time because Counsel had not yet been able to confer meaningfully with the Individual Defendant prior to her spouse's scheduled April 30, 2026 procedure. Counsel has since conferred in detail with the Individual Defendant, who supports this Motion.

**C. Counsel's Uncompensated Representation**

Counsel has not been paid by either Defendant and has been representing both pro bono throughout this litigation. Counsel cannot afford to conduct the discovery this case will require, retain expert witnesses if needed, or allocate sufficient time and resources to the case while

maintaining her solo law practice and meeting financial obligations—particularly in light of the medical expenses associated with her spouse's ongoing hospitalizations and surgical care.

### D. Status of the Defendants

The Business Defendant continues to operate its retail location, and the Individual Defendant does not presently intend to file for bankruptcy protection. Both Defendants therefore remain capable of retaining substitute counsel or, in the case of the Individual Defendant, proceeding pro se. Counsel has discussed with the Individual Defendant the consequences of withdrawal, including the requirement that the Business Defendant must appear through licensed counsel because a corporate or limited liability entity may not appear pro se in federal court. Both Defendants nevertheless support this Motion.

### E. Stage of Proceedings

This case remains in an early stage of litigation. The Individual Defendant's Motion to Dismiss is pending. No trial date has been set, no scheduling order has issued, and no critical deadlines are imminent. Counsel has advised both Defendants of all applicable deadlines and the consequences of withdrawal, and both Defendants support this Motion.

## II. ARGUMENT

### A. Counsel's Spouse's Medical Condition Materially Impairs Counsel's Ability to Represent the Defendants.

Colorado Rule of Professional Conduct 1.16(a)(2) requires a lawyer to withdraw from representation when "the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client." As described above in Section I.B, Counsel's spouse's ongoing serious medical condition has created sustained and unpredictable demands on Counsel's time, attention, and emotional resources. Continued representation under these circumstances would

risk inadequate preparation, missed deadlines, and a level of advocacy below what these Defendants are entitled to receive.

**B. Continued Uncompensated Representation Imposes an Unreasonable Financial Burden.**

Colorado Rule of Professional Conduct 1.16(b)(6) permits withdrawal when "the representation will result in an unreasonable financial burden on the lawyer." As described in Section I.C, Counsel has handled this matter entirely pro bono since its inception, and there is no realistic prospect of payment. Continuing to represent the Defendants without compensation as the case enters more resource-intensive phases—including discovery and potential expert work—is financially unsustainable and constitutes an unreasonable financial burden within the meaning of Rule 1.16(b)(6).

**C. Withdrawal Will Not Prejudice Any Party.**

Withdrawal at this stage will not cause material prejudice to either Defendant or to Plaintiff. The case remains in early stages with no trial date set, no scheduling order entered, and no imminent critical deadlines, leaving substitute counsel adequate time to review the file, understand the posture of the litigation, and prepare for upcoming proceedings. Counsel has advised both Defendants of all applicable deadlines and the consequences of withdrawal, including the Business Defendant's obligation to appear through licensed counsel, and both Defendants support this Motion.

**D. Counsel Will Comply with All Duties Upon Withdrawal.**

Upon withdrawal, Counsel will comply with the duties imposed by Colo. RPC 1.16(d) and D.C.COLO.LAttyR 5(b). Specifically, Counsel will: (1) provide reasonable notice to both Defendants of the withdrawal and its consequences; (2) allow each Defendant adequate time to retain substitute counsel or, where permitted, prepare to proceed pro se; (3) promptly surrender

all papers and property to which the clients are entitled, including correspondence, pleadings, and the pending Motion to Dismiss; (4) cooperate with any successor counsel by providing a complete file and answering reasonable questions regarding the status of the representation; and (5) provide the Clerk's office with the Defendants' last known addresses as required by applicable rules.

## III. CONCLUSION

WHEREFORE, pursuant to Fed. R. Civ. P. 83.1, D.C.COLO.LAttyR 5(b), and Colo. RPC 1.16, Counsel respectfully requests that this Court enter an Order:

a. Granting Counsel's Motion to Withdraw as Counsel for both Alphastar Vapes Ltd and Jimmy O. Vargas, effective upon entry of this Order or such other date as the Court may specify;

b. Directing the Business Defendant to retain substitute counsel and file a notice of appearance within twenty-one (21) days of entry of this Order, given that a limited liability entity may not appear pro se in federal court;

c. Directing the Individual Defendant to retain substitute counsel and file a notice of appearance within twenty-one (21) days of entry of this Order, or to file a notice of pro se appearance and assume responsibility for all pending matters, including the pending Motion to Dismiss;

d. Directing that all future notices and orders be served directly on the Defendants at the addresses provided to the Clerk's office, until such time as new counsel appears or the Individual Defendant appears pro se; and

e. Granting such further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of May, 2026.

**THE McCALLUM LAW FIRM, PC**

/s/ Jennifer M. McCallum
Jennifer M. McCallum, Reg. No. 33238
685 Briggs Street, P.O. Box 929
Erie, CO 80516
Telephone: (303) 828-0655
Email: jmccallum@mccallumlaw.net
Attorney for Defendants Alphastar Vapes Ltd
and Jimmy O. Vargas

**CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2026, I electronically filed the foregoing UNOPPOSED MOTION TO WITHDRAW AS COUNSEL with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record. I further certify that I have served a copy of this Motion on both Defendants at their last known addresses, and that I have provided the Clerk's office with the Defendants' last known addresses as required by applicable rules.

/s/ Jennifer M. McCallum
Jennifer M. McCallum