**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

GS HOLISTIC, LLC,

Plaintiff, Case No. 1:23-cv-01930-RMR-NRN

vs.

Alphastar Vapes, Ltd et al,

Defendants.

______________________________________ /

**Response in Opposition to Defendant Vargas's Motion to Dismiss Amended Complaint**

Plaintiff, GS Holistic LLC ("GS Holistic"), by and through its undersigned counsel, responds in opposition to the Motion to Dismiss filed by Defendant Jimmy O. Vargas (ECF No. 50). In opposition to the motion, GS Holistic submits the following:

## Introduction

Defendant Jimmy O. Vargas ("Mr. Vargas") moves to dismiss only the claims asserted against him in his individual capacity, arguing that GS Holistic has failed to allege a plausible basis for holding him personally liable for trademark infringement. He contends that the Amended Complaint does not satisfy the pleading standards necessary to impose individual liability under the Lanham Act. In addition, Mr. Vargas requests an award of attorney's fees under 15 U.S.C. § 1117(a), asserting that this case qualifies as "exceptional."

The Court should deny Mr. Vargas's motion in its entirety. The Amended Complaint contains sufficient factual allegations to state a plausible claim for relief at the pleading stage, and nothing about the case against him renders it "exceptional" so as to justify an award of fees.

## **Legal Standard**

Rule of Civil Procedure 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." In evaluating a motion to dismiss for failure to state a claim under Rule of Civil Procedure 12(b)(6), a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When assessing plausibility, a plaintiff's allegations are "read in the context of the entire complaint." *Ullery v. Bradley*, 949 F.3d 1282, 1288 (10th Cir. 2020). A trial court must accept as true all factual allegations, view these allegations in the light most favorable to the plaintiff, and resolve all reasonable inferences in the plaintiff's favor. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023); *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1286 (10th Cir. 2011). The Tenth Circuit will uphold a dismissal "only if it appears beyond doubt that [plaintiff] can prove no set of facts which would entitle them to relief." *Mink v. Suthers*, 482 F.3d 1244, 1251 (10th Cir. 2007).

## **Argument**

### **I. GS Holistic has plausibly pleaded claims against Mr. Vargas individually.**

Mr. Vargas contends that the Amended Complaint contains only conclusory allegations against him and fails to sufficiently allege his involvement in his company's wrongdoing so as to impose personal liability. *See* Motion to Dismiss at 4-6. Mr. Vargas is wrong. The Amended Complaint contains sufficient facts to reasonably infer that he was personally involved in the infringing activity and that, at minimum, he acted with willful blindness. That is all that is required

at the pleading stage.

Any individual can be liable for trademark infringement or unfair competition under the Lanham Act. 15 U.S.C. §§ 1114, 1125(a). And a corporate officer can be held personally liable under the Lanham Act, even without the need to pierce the corporate veil, if he takes part in the infringing activity or directs others to do so. *See GS Holistic, LLC v. Express Smoketown, Inc.*, No. 3:23-cv-02040-JGC, 2024 U.S. Dist. LEXIS 114009, at *6 (N.D. Ohio June 28, 2024) (collecting cases). In other words, "a claim for trademark infringement may be asserted against a stockholder or officer of a corporation who is responsible for his corporation's infringing activities." *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd.*, 842 F. Supp. 2d 1303, 1314 (D. Colo. 2012). *See also Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994) ("a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such [trademark] infringement without regard to piercing of the corporate veil"); *Hair Assocs. v. Nat'l Hair Replacement Servs.*, 987 F. Supp. 569, 590-91 (W.D. Mich. 1997) ("a corporate officer's active participation in infringing activity is sufficient to subject him or her to joint and several liability for trademark infringement with the corporation"); *Two Men & a Truck/International v. Two Men & a Truck/Kalamazoo*, Case No. 5:94-CV-162, 1995 U.S. Dist. LEXIS 11295, at *9 (W.D. Mich. July 24, 1995) ("Employees of corporations are not shielded from individual liability under the Lanham Act solely because their actions were taken within the scope of their employment.").

Notably, at least one district court addressing materially identical allegations by GS Holistic has recently confirmed that such allegations are sufficient to survive Rule 12(b)(6). In *GS Holistic, LLC v. Flavorz Smoke, LLC*, No. 2:24-cv-12254 (E.D. Mich. May 13, 2026), the court denied a motion to dismiss brought by individual defendants who—like Mr. Vargas—argued that

GS Holistic's allegations were conclusory and failed to allege specific personal conduct. The court rejected that argument and held that, even where portions of the complaint were "largely boilerplate," GS Holistic had alleged "*just* enough facts to suggest that the Owners were personally involved in the infringing activity," which is sufficient at the pleading stage. *GS Holistic, LLC v. Flavorz Smoke, LLC*, No. 2:24-cv-12254, 2026 U.S. Dist. LEXIS 105949, at *6 (E.D. Mich. May 13, 2026).

The *Flavorz Smoke* court specifically relied on factual allegations materially indistinguishable from those pleaded here. It found it sufficient that GS Holistic alleged the individual defendants: (1) were merchants with specialized knowledge of the tobacco industry; (2) sold products bearing Stündenglass marks at prices dramatically below authentic retail prices; and (3) therefore, at minimum, it could be inferred that the individuals acted with willful blindness in offering counterfeit products for sale. *GS Holistic, LLC v. Flavorz Smoke, LLC*, No. 2:24-cv-12254, 2026 U.S. Dist. LEXIS 105949, at *6-7 (E.D. Mich. May 13, 2026).

The Amended Complaint here contains similar allegations. GS Holistic alleges that Mr. Vargas is the owner and operator of Alphastar Vapes; that a counterfeit Stündenglass product was sold at a location under his control; that the product bore marks identical or substantially indistinguishable from GS Holistic's marks; and that it was sold at a price below the authentic retail price. Amended Complaint at ¶¶ 32-35.[1] GS Holistic further alleges that, as a merchant in the tobacco and smoke shop industry, Mr. Vargas possessed specialized knowledge and, at a minimum, acted with willful blindness in failing to investigate the authenticity of these goods. Amended Complaint at ¶ 43.

These are concrete factual allegations that, when taken as true and viewed in the light most

[1] The purchase price was $549.99 (approximately $50 below the authentic retail price), with sales tax of $46.75 and a credit card surcharge of $16.50 bringing the total to $613.24.

favorable to GS Holistic, plausibly show that Mr. Vargas was a "moving force" behind the infringement.

Moreover, courts have recognized that such alleged conduct supports a finding of willful blindness. It is well-established that "willful blindness is knowledge enough" under the Lanham Act where a defendant fails to investigate suspicious circumstances. *See, e.g.*, *Coach, Inc. v. Younes Corp.*, 2012 U.S. Dist. LEXIS 144516, at *6 (E.D. Mich. Oct. 5, 2012) (quoting *Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir. 1989)). Stated differently, "ostrich-like" business practices—where a defendant deliberately avoids confirming the counterfeit nature of goods—are sufficient to support liability. *See Coach, Inc. v. D & N Clothing, Inc.*, 2011 U.S. Dist. LEXIS 74294, at *11 (E.D. Mich. July 11, 2011). The allegations here—that counterfeit goods were sold at dramatically discounted prices by an experienced retail merchant—support such an inference.

Mr. Vargas's motion improperly attempts to impose a heightened pleading standard by demanding detailed allegations regarding his specific day-to-day actions, communications, or physical presence at particular transactions. But Rule 8 does not require that level of specificity. As the *Flavorz Smoke* decision makes clear, GS Holistic need only plead enough factual content to permit a reasonable inference of personal participation or willful blindness, not to prove its case at the outset.

Nor is GS Holistic required to allege that Mr. Vargas personally made a sale, inspected inventory, or was physically present at the time of the transactions at issue. At the pleading stage, it is sufficient to allege that a corporate officer authorized, directed, controlled, or participated in the infringing activity. The Amended Complaint does precisely that by alleging that Mr. Vargas owned and operated the store at issue, controlled its activities, and authorized or participated in the infringing sales. These allegations easily satisfy Rule 8.

Mr. Vargas's attempt to isolate a single allegation and ignore the remainder of the Amended Complaint is unavailing. When the pleading is read as a whole—as it must be—it alleges a pattern of infringing sales across multiple locations, coupled with facts supporting knowledge, control, and participation. That is more than sufficient to nudge GS Holistic's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Accordingly, GS Holistic has plausibly alleged individual liability under the Lanham Act, and Mr. Vargas's motion to dismiss should be denied. In the alternative, if the Court finds any deficiency in the pleading, GS Holistic respectfully requests leave to amend its Amended Complaint to include any additional factual allegations the Court deems necessary. *See Reynoldson v. Shillinger*, 907 F.2d 124, 125 (10th Cir. 1990) (explaining that if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend).

**II. Mr. Vargas is not entitled to attorney's fees.**

Mr. Vargas's request for attorney's fees under 15 U.S.C. § 1117(a) is baseless. The Lanham Act permits an award of fees only in "exceptional cases," which are those that stand out based on the substantive weakness of a party's position or the unreasonable manner in which the case is litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

This is not an exceptional case—far from it. As demonstrated above, GS Holistic has plausibly alleged claims against Mr. Vargas, and courts addressing materially identical allegations have expressly held that such claims are sufficient at the pleading stage. Where a plaintiff asserts viable and factually supported Lanham Act claims, an award of fees is inappropriate. The mere filing of a complaint that a defendant believes should be dismissed does not render a case "exceptional."

Accordingly, Mr. Vargas's request for attorney's fees should be denied.

**Conclusion**

For the foregoing reasons, GS Holistic has plausibly alleged claims against Mr. Vargas under the Lanham Act, and his request for attorney's fees is without merit. Accordingly, his Motion to Dismiss should be denied in its entirety and he should be required to answer the Amended Complaint.

EDDY LEAL, P.A.
777 Brickell Avenue, Suite 500
Miami, FL 33131
Phone: 305-979-3900
Email: EL@leallegal.com
E-Service: eservice@leallegal.com

By: /s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030

*Attorney for GS Holistic LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this May 21, 2026, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and it was sent electronically to all NEF registered parties.

/s/ Eddy Leal
Eddy Leal, Esq.
Florida Bar No. 96030